# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-6578 PA (FFMx) | Date | September 8, 2017 |
|---|---|---|---|
| Title | Benigno Yuzon, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Benigno Yuzon and Zenaida Yuzon (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6578 PA (FFMx) | Date | September 8, 2017 |
|---|---|---|---|
| Title | Benigno Yuzon, et al. v. Wells Fargo Bank, N.A., et al. | | |

In support of its allegation that the Court possesses diversity jurisdiction, the Notice of Removal alleges:

> Plaintiffs are California citizens based on domicile, as they plead ownership and residency of a home located at 2511 Peachwood Pl., Westlake Village, California 91361 – i.e., the subject property in this action . . . .

(Notice of Removal, 3 (citing Notice of Removal, Ex. A ("Compl.") ¶¶ 1, 16; Compl., Ex. A (Deed of Trust)).) The Notice of Removal further asserts that Plaintiffs allege claims that only apply to owner-occupied dwellings that are the borrower's primary residence.[1] (Id.) The Notice of Removal also alleges that Plaintiffs maintain checking accounts, receive disability and retirement association payments, and receive monthly mortgage statements at a Calabasas address (not the subject property).[2] (Id.) Finally the Notice of Removal asserts that Plaintiffs use the Calabasas address with the Internal Revenue Service. (Id.)

As the Notice of Removal indicates, Plaintiffs' Complaint alleges that they "are, and at all times relevant to the facts herein have been, the individuals residing in real property commonly known as 2511 Peachwood PL, Westlake Village, CA 91361 . . . located in Los Angeles County, in the State of California." (Compl. ¶ 1.) However, this alleges Plaintiffs' residence only. Because a person's residence – even his primary residence – is not the same as his domicile, the Complaint's allegations are insufficient to establish Plaintiffs' citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). In addition, Plaintiffs' use of either the Subject Property address or the Calabasas address for bills, payments, and other statements does not demonstrate Plaintiffs' intent to remain in California. Nor do the copies of Driver's Licenses filed with the Supplemental Notice (one of which appears to be expired) establish such an intent. Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiffs, and Defendant has failed to demonstrate that complete diversity exists.

---

[1] Defendant has also filed a Supplemental Notice of Removal, in which it avers that Plaintiffs submitted an application to Defendant stating that the subject property was their "primary residence" and "owner occupied." (See Docket No. 8 ("Supplemental Notice"), 2; Supplemental Notice, Ex. I.)

[2] In its Supplemental Notice, Defendant further asserts Plaintiffs use the Subject Property address for certain utility bills and the Calabasas address for their Driver's Licenses. (Supplemental Notice, 2; Supplemental Notice, Ex. I.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6578 PA (FFMx) | Date | September 8, 2017 |
|---|---|---|---|
| Title | Benigno Yuzon, et al. v. Wells Fargo Bank, N.A., et al. | | |

  For the foregoing reasons, Defendant has not met its burden of establishing that the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. LC106037. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.